```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,
                    Plaintiff,

         -against-

SONJA ANTICEVIC; DAVID PAJCIN; EUGENE        05 CV 6991 (KMW)
PLOTKIN; STANISLAV SHPIGELMAN;                    ORDER
NIKOLAUS SHUSTER; JUAN C. RENTERIA, JR.;
HENRY SIEGEL; ELVIS SANTANA; MONIKA
VUJOVIC; MIKHAIL PLOTKIN;
PERICA LOPANDIC; BRUNO VERINAC;
ZORAN SORMAZ; ILIJA BORAC; ANTUN DILBER;
ANTO KRSIC; and JASON C. SMITH,
                    Defendants.
----------------------------------------x
```

WOOD, U.S.D.J.:

I. Background

By submission dated March 30, 2009, Plaintiff Securities and Exchange Commission ("Plaintiff") moves this Court, pursuant to Federal Rule of Civil Procedure ("Rule") 55(b), for default judgment, or in the alternative, pursuant to Rule 37(b), for a sanction of default judgment, against Defendant Sonja Anticevic ("Anticevic").[1] As the basis for the relief requested, Plaintiff alleges that Anticevic failed to answer Plaintiff's Fourth Amended Complaint, and failed to appear for her deposition noticed for January 5, 2009.

On April 1, 2009, two days after Plaintiff filed its motion, Jonathan Kaye ("Kaye"), Anticevic's current attorney of record,

---

[1] Plaintiff attaches to its motion the Clerk's Certificate of Default, dated March 11, 2009.

1

filed, on Anticevic's behalf, both an Answer to Plaintiff's Fourth Amended Complaint, and a response to Plaintiff's motion for default judgment. In the response, Kaye admits that he has been unable to locate or contact Anticevic for some time, but he nonetheless asks the Court to deny Plaintiff's motion for default judgment.

Later that same day, Plaintiff replied. In the reply, Plaintiff construes the response submitted by Kaye as a motion, pursuant to Rule 55(c), to set aside the entry of default. Plaintiff argues that the informal motion should be denied because it does not establish good cause for Anticevic's failure to timely file her Answer.

On June 9, 2009, the Court ordered the parties to submit a status update. The Court specifically asked (1) that Plaintiff inform the Court whether it continued to seek default judgment against Anticevic; and (2) that Anticevic inform the Court whether she intended to oppose Plaintiff's motion for default judgment, and/or to file a formal motion, alleging good cause, to set aside the entry of default.

Plaintiff responds that it continues to seek default judgment against Anticevic. Kaye responds that he no longer intends, on Anticevic's behalf, to oppose Plaintiff's motion for default judgment, or to formally move to set aside the entry of default.

II. Analysis

Given that Plaintiff moves for default judgment based on facts that have since changed, and that Kaye has made inconsistent statements on the record as to whether he opposes, and whether he has the authority to oppose, Plaintiff's motion, the Court concludes that it would be inappropriate to grant any of the requested relief at this time.

Plaintiff has moved for default judgment on the grounds that Anticevic did not answer the operative Complaint. Anticevic has, however, now answered the Complaint, and Plaintiff has not briefed in response why default judgment continues to be appropriate, given Anticevic's recent appearance in this case, through her attorney of record.[2] Accordingly, the Court denies Plaintiff's motion for default judgment.

Conversely, Kaye has filed an Answer to the operative Complaint, and opposed Plaintiff's motion for default judgment. He has not, however, made clear whether he retains authority to act on Anticevic's behalf, given his ongoing inability to communicate with her.

Given Kaye's purported inability to communicate with

---

[2] Plaintiff argues that the grounds for its motion, pursuant to Rule 37(b), for the sanction of default judgment against Anticevic, remain unchanged by Anticevic's recently filed Answer. The Court is not yet prepared to find, however, that Anticevic's failure to appear at her noticed deposition, without more, is sufficient cause to grant a case-dispositive sanction against her.

Anticevic, Kaye shall, no later than Monday, July 27, 2009, either (1) file a motion to be relieved as Anticevic's counsel herein; or (2) write to the Court stating that he remains Anticevic's counsel in this case, and can act on her behalf.

If Kaye is relieved as counsel for Anticevic, Anticevic must have a new attorney file a notice of appearance on her behalf in this action by August 31, 2009. If no notice of appearance is filed on Anticevic's behalf by August 31, 2009, the Court will at that time entertain a renewed motion for default judgment against Anticevic, and a default judgment may be entered against Anticevic.

III. Conclusion

For the reasons stated above, the Court DENIES Plaintiff's motion for default judgment (D.E. 151), Plaintiff's motion for a sanction of default judgment (D.E. 151), and Anticevic's informal motion to set aside the entry of default.

SO ORDERED.

DATED:   New York, New York
         July 21, 2009

                                    _____
                                         KIMBA M. WOOD
                                    United States District Judge