George Canellos
Regional Director
Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
3 World Financial Center, Room 4300
New York, New York 10281
(212) 336-1020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| | : |
| Plaintiff, | : 05 Civ. 6991 (KMW) |
| | : |
| -against- | : |
| | : |
| SONJA ANTICEVIC, DAVID PAJCIN, EUGENE PLOTKIN, STANISLAV SHPIGELMAN, NICKOLAUS SHUSTER, JUAN C. RENTERIA, JR., HENRY SIEGEL, ELVIS SANTANA, MONIKA VUJOVIC, MIKHAIL PLOTKIN, PERICA LOPANDIC, BRUNO VERINAC, ZORAN SORMAZ, ILIJA BORAC, ANTUN DILBER, ANTO KRSIC, and JASON C. SMITH, | : |
| | : |
| Defendants. | : |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CIVIL PENALTIES AGAINST BRUNO VERINAC AND ANTUN DILBER**

By Order dated August 11, 2010, the Court granted Plaintiff Securities and Exchange Commission's (the "Commission") motion for default judgments against defendants Bruno Verinac and Antun Dilber (collectively, the "Defaulting Defendants"), and, among other things, ordered them to pay disgorgement and prejudgment interest.  The Court denied the Commission's motion for civil penalties pursuant to Section 21(d)(3) of the Securities Exchange Act of 1934 ("Exchange Act") on the ground that Section 21A of the Exchange Act is the exclusive provision for the imposition of penalties in insider trading cases.  The Court's denial of the Commission's request for penalties was without prejudice.  Accordingly, the Commission hereby moves for the imposition of civil penalties against the Defaulting Defendants pursuant to Exchange Act Section 21A.

### THE COURT SHOULD IMPOSE MAXIMUM CIVIL PENALTIES AGAINST THE DEFAULTING DEFENDANTS UNDER THE INSIDER TRADING AND SECURITIES FRAUD ENFORCEMENT ACT

Section 21A of the Exchange Act, 15 U.S.C. §78u-1, part of the Insider Trading and Securities Fraud Enforcement Act of 1988, provides for the Court to impose a civil penalty for insider trading up to "three times the profit gained or loss avoided" as a result of the trading.  The Court is to determine the amount of the penalty "in light of the facts and circumstances."  This provision is designed to "go beyond disgorgement of illegal profits to add the imposition of a significant fine as a needed deterrent."  SEC v. Svoboda, 409 F. Supp.2d 331, 347 (S.D.N.Y. 2006).  In determining the amount of the penalty, courts in this Circuit typically consider: (i) the defendant's culpability; (ii) the amount of profits gained; (iii) the repetitive nature of the unlawful act; and (iv) the deterrent effect of a penalty given the defendant's net worth.  SEC v. Sekhri, 98 Civ. 2320, 2002 WL 31100823, *18 (S.D.N.Y. July 22, 2002).

These factors are similar to those considered in determining whether to issue an injunction, and for reasons discussed in the Commission's July 1, 2010 Memorandum of Law in

Support of Motion for Default Judgments Against Bruno Verinac and Antun Dilber Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure (Section II.A., pp. 7-11) (which are incorporated herein by reference), the Commission submits that each of them weighs in favor of a maximum penalty equal to three times each of the Defaulting Defendants' ill-gotten gains. In its August 11, 2010 Order, the Court found Dilber liable for $25,977.60 in disgorgement based upon his ill-gotten gains, and Verinac jointly and severally liable for $1,414,595.79 based on the ill-gotten gains of his tippees, Dilber, Sormaz, Borac and Krsic. Exchange Act §21A penalties are based on the profits of both the tipper and his tippees. SEC v. Sekhri, 98 Civ. 2320 (RPP), 2002 WL 31100823, at **17-19 (S.D.N.Y. July 22, 2002). Accordingly, the Court should order Dilber to pay a civil penalty in the amount of $77,932.80 and order Verinac to pay a civil penalty in the amount of $4,243,787.37.

Dated: New York, New York
       August 17, 2010

s/_____
Scott L. Black
Securities and Exchange Commission
3 World Financial Center
New York, New York 10281
(212) 336-0029
blacks@sec.gov