UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                             Plaintiff,

            - against -

SONJA ANTICEVIC, et al.,

                         Defendants.

**REPORT AND RECOMMENDATION**

05 Civ. 6991 (KMW) (RLE)

**To the HONORABLE KIMBA M. WOOD, U.S.D.J.:**

On August 11, 2010, Plaintiff Securities and Exchange Commission ("SEC") was granted default judgments against Defendants Bruno Verinac ("Verinac") and Antun Dilber ("Dilber"). The SEC subsequently filed a motion for the imposition of civil penalties against Verinac and Dilber pursuant to Section 21A of the Securities Exchange Act of 1934, 15 U.S.C. §78u-1, seeking a maximum penalty equal to three times Defendants' ill-gotten gains. This matter was referred to the undersigned for an inquest into damages. For the reasons that follow, the Court recommends that the SEC's motion for treble damages be **DENIED**, and that the SEC should be granted: (1) an award of civil penalties in the amount of **$51,955.20** against Dilber; and (2) an award civil penalties in the amount of **$2,829,191.58** against Verinac.

## I. BACKGROUND

This case involves three alleged insider-trading schemes, allegedly perpetrated by seventeen individuals located in the United States and Croatia. The SEC filed the action in August 2005, and Verinac and Dilber were first named in the Fourth Amended Complaint filed on August 30, 2006. The Complaint alleged that Verinac and Dilber knowingly obtained confidential, non-public information through two of the schemes in violation of Section 17(a) of

the Securities Act of 1933, and Section 10(b) of the Securities Exchange Act of 1932 (the "Exchange Act") and Rule 10b-5 thereunder. Verinac and Dilber were both properly served with the Summons and Complaint, and, after they failed to respond, the SEC moved for default judgments on July 1, 2010.

On August 11, 2010, default judgments were granted against Verinac and Dilber for their participation in the two insider trading schemes. In addition to the default judgments, the Court granted the SEC's motion for: (1) permanent injunctions against Verniac and Dilber, (2) an award of disgorgement and prejudgment interest against Verinac in the amount of $1,904,873.48; and (3) an award of disgorgement and prejudgment interest against Dilber in the amount of $34,981.05. The Court denied without prejudice the SEC's motion for civil penalties against Verinac and Dilber, pursuant to Section 21(d)(3) of the Exchange Act, on the ground that Section 21A of the Exchange Act is the exclusive provision for the imposition of civil penalties in insider trading cases. The Court permitted the SEC to refile the motion pursuant to Section 21A, and the SEC filed the instant motion on August 17, 2010.

## II. DISCUSSION

On a default judgment, a court does not accept as true allegations in the complaint regarding damages. *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). Rather, the plaintiff is required to prove independently the damages it requests. *Id.* A court can make a determination regarding damages on the basis of the evidence before it, including the complaints and affidavits submitted by the plaintiff, as long as the court has ensured that the evidence provides a basis for the damages granted. *Transatlantic Marine Claims Agency v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

"Section 21A of the Exchange Act, 15 U.S.C. § 78u-1, provides that the civil fine for

2

insider trading 'shall be determined by the court in light of the facts and circumstances, but shall not exceed three times the profit gained or loss avoided' as a result of a defendant's illegal trading." *SEC v. Svoboda*, 409 F. Supp. 2d 331, 347 (S.D.N.Y. 2006) (quoting 15 U.S.C. §§ 78u-1(a)(1), (a)(2)). This provision was originally established in order to "go beyond disgorgement of illegal profits to add imposition of a civil fine as a needed deterrent." *Id.* (quoting H.R.Rep. No. 100-921, at 11 (1988), U.S.C.C.A.N. 6043, 6048). "When determining the amount of the penalty, courts in this Circuit consider the facts and circumstances of the particular matter, including: (1) the defendant's culpability; (2) the amount of profit gained; (3) the repetitive nature of the unlawful act; and (4) the deterrent effect of a penalty given the defendant's net worth." *SEC v. Anticevic*, No. 05 Civ. 6991, 2009 WL 4250508, at *5 (S.D.N.Y., Nov. 30, 2009) (citing *SEC v. Sekhri*, 98 Civ. 2320, 2002 WL 31100823, at *18 (S.D.N.Y. July 22, 2002)).

The SEC argues that the Court should impose the maximum civil penalty against both Dilber and Verinac. (Pl.'s Mem. of Law in Supp. of Mot. for Civil Penalties at 3.) The Court finds, however, that while an enhancement is appropriate, the evidence available does not support the maximum award that the SEC seeks, but does support an award of two times Dilber's and Verinac's ill-gotten gains.

The Court previously determined that both Verinac's and Dilber's conduct were egregious. *See SEC v. Anticevic*, No. 05 Civ. 6991, 2010 WL 3239421, *4 (S.D.N.Y., Aug. 16, 2010). Both Defendants actions were central to the unlawful trading schemes. Verinac knowingly provided insider information to Dilber and other defendants, and Dilber knowingly, or at a minimum recklessly, traded on Verinac's information. *Id.* Therefore, the culpability of Dilber and Verinac favors a treble penalty.

Dilber and the other defendants earned profits from the trades in the amount of

$1,414,595.79. *Id.* Dilber personally earned $25,977.60 trading on the information provided by Verinac. *Id.* at *5. Although the SEC did not establish how much Verinac earned from his personal trading on the insider information, the Court determined that he should be held jointly and severally liable for the total profits that Dilber and the other defendants earned. *Id.* Although the profits earned by the trades were substantial, they are not exceptional for insider trading cases. Indeed, Dilber's personal earnings are relatively low compared to many other cases. Furthermore, although Verinac was held jointly and severally liable for the profits made by those he provided insider information, his personal profits from the trades are unknown. Accordingly, the amount of profits gained does not favor an award of the maximum penalty.

Verinac and Dilber both repeatedly engaged in illegal trading, a consideration that favors a higher civil penalty.

Finally, and most significantly, the Court has no evidence of Verinac's or Dilber's net worth, and therefore cannot determine whether a treble penalty is necessary to deter them from future violations.

Based upon the Defendants' high level of culpability, the amount of profit gained, and the repeated nature of the unlawful acts, the Court finds that the evidence submitted supports an award of double Dilber's and Verinac's ill-gotten gains. The Court finds that such an award would fulfill the purposes of Section 21(A) of the Exchange Act, and deter both Dilber and Verinac from future violations of securities laws. Accordingly, the Court recommends that the SEC's motion for treble damages be **DENIED**, and that the SEC should be granted: (1) an award of civil penalties in the amount of **$51,955.20** against Dilber; and (2) an award civil penalties in the amount of **$2,829,191.58** against Verinac.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties shall have

fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Kimba M. Wood, 500 Pearl Street, Room 1610, and to the chambers of the undersigned, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. §636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(d).

**SO ORDERED this 18th day of March 2011**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge

**A copy of this Order was sent to:**[1]
Defendant
Antun Dilber
Kraska 7
52100 PULA
Croatia

---

[1] Verinac was served by publication, and his mailing address is not known by the Court.