```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/12/11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

    -against-

SONJA ANTICEVIC; DAVID PAJCIN; EUGENE
PLOTKIN; STANISLAV SHPIGELMAN;
NIKOLAUS SHUSTER; JUAN C. RENTERIA, JR.;
HENRY SIEGEL; ELVIS SANTANA; MONIKA
VUJOVIC; MIKHAIL PLOTKIN; PERICA
LOPANDIC; BRUNO VERINAC; ZORAN
SORMAZ; ILIJA BORAC; ANTUN DILBER;
ANTO KRSIC; and JASON C. SMITH,

                Defendants.

                                  <u>Order</u>
                              05 Civ. 6991 (KMW)

---

WOOD, U.S.D.J.:

I.    <u>Overview</u>

    By Opinion & Order dated August 11, 2010, the Court granted the Securities and Exchange Commission's motion for default judgment against Defendants Bruno Verinac ("Verinac") and Antun Dilber ("Dilber") (collectively, "Defendants"). (<u>See</u> Dkt. Entry No. 201.) The Securities and Exchange Commission ("SEC") subsequently moved for the imposition of civil penalties against Defendants pursuant to Section 21A of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-1 ("Section 21A"). The SEC requested the imposition of penalties of three times Defendants' ill-gotten gains.

    By Report and Recommendation dated March 18, 2011 ("Report"), familiarity with which is assumed, Magistrate Judge Ellis recommended that the Court impose penalties of double, rather than triple, Defendants' ill-gotten gains. Specifically, Magistrate Judge Ellis

recommended that the Court impose penalties in the amounts of $51,955.20 against Dilber, and $2,829,191.58 against Verinac.

For the reasons stated below, the Court adopts the Report in its entirety.

II. Discussion

The Report informed the parties that, pursuant to Rule 72 of the Federal Rules of Civil Procedure, they had fourteen days from service of the Report to file any objections. "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note. No objections to the Report have been filed, and the time to object has expired. The Court has reviewed the Report, and finds it to be free of clear error on the face of the record. The Court therefore accepts and adopts the Report.

III. Conclusion

For the reasons stated above, the Court adopts the Report in its entirety. Accordingly, the Court DENIES the SEC's motion for civil penalties in the amount of three times Defendants' ill-gotten gains, and GRANTS the SEC awards of civil penalties in the amount of double such gains. Specifically, the Court GRANTS the SEC (a) an award of civil penalties in the amount of $51,955.20 against Dilber; and (b) an award of civil penalties in the amount of $2,829,191.58 against Verinac.

SO ORDERED.

DATED:   New York, New York
         May 12, 2011

*[signature]*
KIMBA M. WOOD
United States District Judge

-2-