

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
200 Vesey Street, Brookfield Place, Room 400
New York, New York 10281-1022

John J. Graubard                                                    Phone: 212-336-0084
Senior Attorney                                                    E-mail: graubardj@sec.gov

May 5, 2014

**VIA ECF**

Hon. Kimba M. Wood
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    *Securities and Exchange Commission v. Sonja Anticevic, et al.*, 05 CV 6991
            (KMW) (S.D.N.Y.)

Dear Judge Wood:

      Pursuant to Paragraph 2.A. of your Honor's Individual Practices, the plaintiff Securities
and Exchange Commission requests a pre-motion conference.

      The Commission seeks to file a motion for an Order:

1.     Directing that the funds presently held in the Court Registry Investment
System in this action be remitted to the Commission as a distribution to
injured investors is not practicable;

2.     Directing the Commission to pay from such funds all accrued taxes and
the fees and expenses of the Tax Administrator appointed by this Court
and, upon the payment of all such taxes, fees, and expenses, discharge the
Tax Administrator;

3.     Directing the Commission to remit the balance of such funds to the United
States Treasury; and

4.     Amending the unsatisfied judgments in this action to provide that all
future payments be made to the Commission, rather than to the Court, to
be remitted by the Commission to the United States Treasury.

      The basis for this action was insider trading in a number of securities, based upon
nonpublic information obtained from Merrill Lynch & Co., Inc., from the printer of Business
Week magazine, and from a federal grand jury proceeding.  (Fourth Amended Complaint, Dkt.
No. 91).  This conduct resulted in at least $6.8 million in illicit profits, and the judgments against

Hon. Kimba M. Wood
United States District Judge
May 5, 2014
Page 2

the defendants for disgorgement, prejudgment interest, and civil penalties total in excess of $38 million, of which more than $6.2 million has been paid into the CRIS account.

  In an insider trading case it is often impossible to identify the "victims" of the fraudulent conduct and the distribution amounts to individuals would be minimal due to the large volume of trades during the relevant period.  As the Second Circuit has stated, "the primary purpose of disgorgement is not to compensate investors.  Unlike damages, it is a method of forcing a defendant to give up the amount by which he was unjustly enriched." *SEC v. Commonwealth Chem. Securities, Inc.*, 574 F.2d 90, 102 (2d Cir. 1978) (Friendly, J.); *see also SEC v. First Jersey Securities, Inc.*, 101 F.3d 1450, 1474 (2d Cir. 1996); *SEC v. Wang*, 944 F.2d 80, 85 (2d Cir. 1991); *SEC v. Tome*, 833 F.2d 1086, 1096 (2d Cir. 1987).

  The Commission therefore requests your Honor's permission to file a motion seeking the relief set forth above.

      Respectfully,


      /s/ *John J. Graubard*
      John J. Graubard
      Senior Attorney


cc:  All Counsel of Record (via ECF)