

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
200 Vesey Street, Brookfield Place, Room 400
New York, New York 10281-1022

John J Graubard
Senior Attorney



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: Phone 212-336-0084
E-mail graubardj@sec.gov
DATE FILED: 5/9/14

**MEMO ENDORSED**
VIA ECF

May 5, 2014

Hon. Kimba M. Wood
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:   *Securities and Exchange Commission v. Sonja Anticevic, et al.*, 05 CV 6991 (KMW) (S.D.N.Y.)

Dear Judge Wood:

    Pursuant to Paragraph 2.A. of your Honor's Individual Practices, the plaintiff Securities and Exchange Commission requests a pre-motion conference.

    The Commission seeks to file a motion for an Order:

1. Directing that the funds presently held in the Court Registry Investment System in this action be remitted to the Commission as a distribution to injured investors is not practicable;

2. Directing the Commission to pay from such funds all accrued taxes and the fees and expenses of the Tax Administrator appointed by this Court and, upon the payment of all such taxes, fees, and expenses, discharge the Tax Administrator;

3. Directing the Commission to remit the balance of such funds to the United States Treasury; and

4. Amending the unsatisfied judgments in this action to provide that all future payments be made to the Commission, rather than to the Court, to be remitted by the Commission to the United States Treasury.

    The basis for this action was insider trading in a number of securities, based upon nonpublic information obtained from Merrill Lynch & Co., Inc., from the printer of Business Week magazine, and from a federal grand jury proceeding. (Fourth Amended Complaint, Dkt. No. 91). This conduct resulted in at least $6.8 million in illicit profits, and the judgments against

Hon. Kimba M. Wood
United States District Judge
May 5, 2014
Page 2

the defendants for disgorgement, prejudgment interest, and civil penalties total in excess of $38 million, of which more than $6.2 million has been paid into the CRIS account.

In an insider trading case it is often impossible to identify the "victims" of the fraudulent conduct and the distribution amounts to individuals would be minimal due to the large volume of trades during the relevant period. As the Second Circuit has stated, "the primary purpose of disgorgement is not to compensate investors. Unlike damages, it is a method of forcing a defendant to give up the amount by which he was unjustly enriched." *SEC v. Commonwealth Chem. Securities, Inc.*, 574 F.2d 90, 102 (2d Cir. 1978) (Friendly, J.); *see also SEC v. First Jersey Securities, Inc.*, 101 F.3d 1450, 1474 (2d Cir. 1996); *SEC v. Wang*, 944 F.2d 80, 85 (2d Cir. 1991); *SEC v. Tome*, 833 F.2d 1086, 1096 (2d Cir. 1987).

The Commission therefore requests your Honor's permission to file a motion seeking the relief set forth above.

Respectfully,

/s/ *John J. Graubard*
John J. Graubard
Senior Attorney

cc:   All Counsel of Record (via ECF)

The premotion conference is waived.
Plaintiff may file its requested motion.

SO ORDERED:   5-8-14

_____
KIMBA M. WOOD
U. S. D. J.